**IMG-195**

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4298
_____

SAN NHO, a/k/a San Joo; H.N.; M.N.,

SAN NHO; H.N.; M.N.,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A096-148-950; A096-148-951; A096-148-952)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 21, 2011

Before:  SCIRICA, FISHER and ALDISERT Circuit Judges.

(Filed: September 28, 2011)
_____

OPINION
_____

PER CURIAM

Petitioners seek review of a final order of removal of the Board of Immigration Appeals ("BIA" or "Board"). For the following reasons, we will deny the petition for review.

I.

Petitioners San Nho and her children, H.N. and M.N., are natives and citizens of South Korea. In August 2002, Petitioners entered the United States as nonimmigrant visitors with permission to remain in the United States until February 2003. In November 2002, Petitioners filed an application for adjustment of status based on Lead Petitioner's approved immigrant petition for an alien worker.[1]

In December 2004, Petitioners appeared for an interview at the Department of Homeland Security ("DHS") field office in Newark, New Jersey. At the end of that interview, DHS requested that Petitioners submit certain documentation in support of their application for adjustment of status. However, in February 2005, Petitioners requested to withdraw their application without prejudice. The United States Citizenship and Immigration Service ("USCIS") granted Petitioners' request.

In February 2005, Petitioners re-filed their adjustment of status application. USCIS denied it, concluding that Petitioners did not qualify for adjustment of status

---

[1] Lead Petitioner's employer filed the petition on her behalf.

under Immigration and Nationality Act ("INA") § 245(k) , 8 U.S.C. § 1255.[2]  In

December 2005, Petitioners filed again for adjustment of status and USCIS denied their

application for the same reason.  In September 2006, Petitioners filed their fourth

application for adjustment of status, which USCIS denied on the basis that lead Petitioner

failed to submit a visa screen certificate with the application.

In April 2007, Petitioners were served with Notices to Appear, charging them with

removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as aliens present in the

United States whose nonimmigrant visas had been revoked.  Petitioners again applied for,

and were denied, adjustment of status.  In February 2008, Petitioner appeared in

Immigration Court and requested voluntary departure (through former counsel).  The

Immigration Judge ("IJ") granted Petitioners' request for voluntary departure until

June 25, 2008, with an alternate order of removal to South Korea if they failed depart by

that date.  Petitioners did not depart from the United States and did not appeal from the

IJ's order.

On June 24, 2008, one day before the expiration of the voluntary departure period,

Petitioners, through current counsel, moved to withdraw the voluntary departure order.

They also filed a motion to reopen the removal proceedings.  Petitioners claimed that

they had "an independent and legitimate basis" for pursuing reopening because

---

[2] "An alien who is eligible to receive an immigrant visa . . . may adjust status . . . if the alien, subsequent to [a] lawful admission has not, for an aggregate period exceeding 180 days . . . failed to maintain, continuously, a lawful status."  See INA § 245(k)(2), 8 U.S.C. § 1255(k)(2).

3

Petitioners were afforded ineffective assistance of counsel by their former attorney. (Administrative Record "A.R." at 116-17.) Petitioners also stated that upon reopening of their removal proceedings, they were planning to renew their adjustment of status application because they remained eligible for such relief. (Id. at 118.)

In July 2008, the IJ issued a decision granting Petitioners' motion to withdraw voluntary departure, but denying their motion to reopen. The IJ noted that pursuant to Dada v. Mukasey, 554 U.S. 1 (2008), Petitioners were "entitled to withdraw their motion for voluntary departure, provided the request is made before expiration of the departure period, without regard to the underlying merits of the motion to reopen." (A.R. 110.) Because Petitioners filed their motion on June 24, 2008 – one day before their voluntary departure period expired on June 25, 2008 – the IJ granted their request to withdraw voluntary departure.

The IJ found that Petitioners' motion to reopen was untimely because they filed it more than ninety days after the final administrative order had been entered in their case. See 8 C.F.R. § 1003.23(b)(1). He also determined that equitable tolling was not warranted because Petitioners failed to comply with the requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), for bringing an ineffective assistance of counsel claim against their former attorney. See also Borges v. Gonzales, 402 F.3d 398, 403 n.6 (3d Cir. 2005) (outlining those requirements); Lu v. Ashcroft, 259 F.3d 127, 129 (3d Cir. 2001) (holding that "the Lozada requirements are a reasonable exercise of the Board's discretion."). Lastly, the IJ determined that Petitioners failed to present evidence

4

that they were eligible to adjust their status because USCIS previously determined that Petitioners had been out of valid immigration status for more than 180 days.

In an October 2010 decision, the BIA affirmed the IJ's denial of Petitioners' motion to reopen and dismissed their appeal. The Board found that the IJ correctly granted Petitioners' motion to withdraw their voluntary departure, and agreed that Petitioners' motion to reopen was untimely filed and that equitable tolling was not warranted. The Board also rejected Petitioners' argument that the IJ erred in determining that they were ineligible for adjustment of status. Petitioners timely petitioned for review of the Board's decision.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

Petitioners argue on appeal that: (1) the Board abused its discretion when it affirmed the IJ's denial of their motion to reopen as untimely filed; (2) the Board erred in finding that they were not eligible to renew their adjustment of status application before the IJ and, in doing so, violated their due process rights. After carefully reviewing the record, we conclude that the BIA did not abuse its discretion in affirming the Immigration Judge's decision.

Petitioners first argue that under Dada, their motion to reopen was timely because they filed it, along with their request to withdraw the voluntary departure order, before the voluntary departure period expired. "A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion." 8 C.F.R. § 1003.23(b)(1). Because the IJ granted an order of voluntary departure on February 26, 2008, and Petitioners did not appeal the IJ's decision, Petitioners' ninety day period to file a motion to reopen expired on May 26, 2008. See 8.C.F.R. § 1003.39; Harchenko v. INS, 379 F.3d 405, 409 (6th Cir. 2004) ("the regulatory deadline for the filing of a motion to reopen runs from the date of the entry of the order of deportation, and not from the date that the period of voluntary departure expires."). Petitioners did not file their motion to reopen until June 24, 2008. However, they claim that Dada made it "clear" that when a motion to reopen is filed "within the voluntary departure period, the motion should be considered." (See Petitioner's Brief ("Pet. Br.") at 18.)

We agree with the Board that Dada does not support Petitioners' assertion that the deadline for Petitioners' motion to reopen should have been the voluntary departure date, and not ninety days subsequent to the order of removal. In Dada, the BIA affirmed an IJ's grant of voluntary departure, ordering Dada to depart within thirty days. Dada, 554 U.S. at 6. Before the end of that period, Dada sought to withdraw his voluntary departure request and filed a timely motion to reopen removal proceedings. Id. at 6-7 After the voluntary departure period expired, the BIA denied Dada's request, holding that an alien who has been granted voluntary departure but does not depart within the voluntary

6

departure period is statutorily barred from receiving a status adjustment.  Id. at 7.  The Supreme Court reversed and remanded, holding that an "alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period, without regard to the underlying merits of the motion to reopen."  Id. at 21.

Here, the IJ complied with Dada by allowing the Petitioners to withdraw the voluntary departure order because they sought to do so before the departure period expired.  However, contrary to Petitioners' assertion, Dada does not hold that an agency is required consider a motion to reopen without regard to the ninety day filing deadline when it allows the alien to withdraw voluntary departure.  Accordingly, the Board did not abuse its discretion in holding that Petitioners' motion to reopen was untimely filed.[3] Having found that the BIA did not err in denying Petitioners' motion as untimely, we need not reach Petitioners' other argument.

Accordingly, we will deny the petition for review.

---

[3] Petitioners do not argue on appeal that the BIA erred in determining that they did not qualify for equitable tolling.  As a result, the issue is not reviewable.  See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

7